UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:03cr117 |
| | § | |
| ROBERT E. NOLEN | § | |

**ORDER ON REMAND**

On December 12, 2006, the United States Court of Appeals for the Fifth Circuit conditionally affirmed the Defendant's conviction in this case subject to a limited remand. The Court of Appeals remanded the case with instructions to this court to conduct the necessary balancing test between the Defendant's Sixth Amendment right to counsel of his choice and the public interest in maintaining the integrity of and respect for the judicial process. The Court of Appeals also held that this court erred by imposing restitution as part of the Defendant's sentence and remanded the case for resentencing.

On this day, the court held a hearing at which counsel for the Government and counsel for the Defendant appeared. The Defendant, citing lack of funds for travel, chose not to appear in person and filed a waiver of right to be present pursuant to Federal Rule of Criminal Procedure 43(b)(3). After concluding that the Defendant had knowingly and voluntarily waived his right to be present at this hearing and resentencing pursuant to Rule 43(b)(3) & (c)(1)(B), the court heard oral argument from counsel, conducted the required balancing test and resentenced the Defendant who participated in the hearing from his home in Florida by teleconference.

Regarding the Sixth Amendment balancing test, the court found that, while a criminal defendant is entitled to be represented by counsel of his choice, he is not entitled to be represented

by a lawyer who engages in unethical conduct. To allow the defense attorney to continue his representation of the defendant in this case after having violated Rule 8.02 of the Texas Disciplinary Rules of Conduct by making reckless accusations regarding the integrity of a judge would foster disrespect for the judicial branch of government by the public and would embolden other unethical practitioners to engage in similar conduct. The judiciary depends upon the public's respect and confidence in its impartiality for obedience to its rulings. When a lawyer accuses a judge of falsely stating the reasons for his rulings, and then at a show cause hearing fails to express any remorse or to retract those statements and again restates those reckless allegations, this court is left with little hope that the offending attorney will reform his unethical behavior throughout the rest of the case, including the upcoming jury trial. Under these circumstances, the court concludes that revocation of the defense lawyer's admission to practice *pro hac vice* was the least intrusive sanction required to maintain the integrity of the justice system. The court further concludes that, in this instance, the societal need for ethical practice outweighs the Defendant's right to choice of counsel.

Regarding restitution, the court has followed the mandate of the Court of Appeals in its opinion and has, on this day, resentenced the Defendant, Robert E. Nolen, by pronouncing the same sentence as the court issued on May 16, 2005, but without restitution.

The Clerk of the District Court shall return this case to the United States Court of Appeals for the Fifth Circuit for its further consideration.

**SIGNED this the 19th day of July, 2007.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE